UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 24, 2014

MEMORANDUM TO COUNSEL RE:    TEKsystems, Inc. v. Tyler J. Demasi, et al.
                              Civil Action No. GLR-14-670

Dear Counsel:

Pending before the Court is Defendants Tyler J. Demasi and Sage M. Soronen's (collectively "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue. (ECF No. 4). Plaintiff TEKsystems, Inc. ("TEKsystems") opposes this Motion. The Motion is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For reasons outlined in specific detail below, the Motion will be denied, based upon Defendants' irrevocable consent to submit to the jurisdiction of this Court.

On March 6, 2014, TEKsystems filed a Complaint for Injunctive Relief and Damages (ECF No. 1), arising out of Defendants' alleged breach of their Employment Agreements with TEKsystems. The undisputed facts set forth in the Complaint reveal that Defendants signed an Employment Agreement when they commenced their employment with TEKsystems. In that Employment Agreement, Defendants agreed, subsequent to termination of their employment, not to compete with, or solicit clients of, TEKsystems. The Employment Agreements for each of Defendants include the following choice of law and mandatory forum selection clauses:

> 10.   SITUS OF AGREEMENT; JURISDICTION: This Agreement is being entered into in the State of Maryland and thus shall be governed by and construed, interpreted and enforced in accordance with the laws of the State of Maryland, without giving effect to the principles of conflicts of laws thereof. Each of the parties hereto hereby irrevocably consents and submits to the jurisdiction of the Circuit Court for Anne Arundel County, Maryland, or any Federal court sitting in the State of Maryland, for the purposes of any controversy, claim, dispute or action arising out of or related to this Agreement, and hereby waives any defense of any inconvenient forum and any right of jurisdiction on account of EMPLOYEE's place of residence or domicile.

(See Compl. Ex. A, at 9, ECF No. 1-2); (see also Compl. Ex. B, at 9, ECF No. 1-3).

According to the Complaint, Defendants ended their employment with TEKsystems and were eventually hired by Blackstone Technology Group in Denver, Colorado, a direct competitor of TEKsystems. Additionally, Defendants allegedly engaged in misappropriating TEKsystems's confidential and trade secret information in direct violation of their Employment Agreements.

Defendants now move this Court to dismiss the Complaint for lack of personal jurisdiction over them, or in the alternative, to transfer the case to the United States District Court for the District of Colorado. Defendants argue that personal jurisdiction over a non-resident defendant exists only if the State's "long arm" statute confers jurisdiction and the assertion of jurisdiction comports with due-process requirements. Alternatively, Defendants argue that even if personal jurisdiction exists, under 28 U.S.C. § 1404(a), a transfer to the United States District Court for the District of Colorado is appropriate after considerations of convenience and fairness. TEKsystems asserts, however, that Defendants' consent to this jurisdiction and waiver of any argument regarding convenience of forum pursuant to the Defendants' Employment Agreements prohibit dismissal and/or transfer. The Court agrees with TEKsystems.

The following conditions must be satisfied in order for the Court to assert personal jurisdiction over the non-resident Defendants: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). "The Maryland long-arm statute limits specific jurisdiction to cases where the cause of action 'aris[es] from any act enumerated' in the statute itself." Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 888 F.Supp.2d 691, 698 (D.Md. 2012), modified on clarification, 904 F. Supp. 2d 530 (D.Md. 2012), aff'd, 722 F.3d 591 (4th Cir. 2013) (alteration in the original) (quoting Md. Code Ann., Cts. & Jud. Proc. § 6-103(a) (West 2014)).

Here, it is undisputed that Defendants' contact or travel with Maryland is de minimis as to Defendant Demasi and non-existent as to Defendant Soronen[1] and neither Defendant's contacts with Maryland satisfy any of the six statutory requirements set forth in Maryland's Long-Arm Statute.[2]

---

[1] There can be no dispute that Demasi's contact with Maryland, namely a trip to Maryland when he was eight, nor a second trip to participate in an athletic event, would constitute sufficient contact to allow for personal jurisdiction.

[2] The six statutorily enumerated contacts with the State include: (1) business transactions; (2) contracts to supply goods, food, services, or manufactured products; (3) causing tortious injury by an act or omission that occurs in the State; (4) causing tortious injury by an act or omission outside of the State if certain minimum contacts with the State are maintained; (5) interest or use of real property in the State; or (6) entering into any contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

A nonresident defendant, however, may waive the right to assert lack of personal jurisdiction without offending the requirements of due process for assumption of jurisdiction. See Toshin Prods. Co. v. Woods, No. HAR 86-2157, 1989 WL 87015, at *2 (D.Md. July 28, 1989) (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)); see also Structural Pres. Sys., LLC v. Andrews, 931 F.Supp.2d 667, 671 (D.Md. 2013). Further, "a valid forum selection clause, standing alone, is enough to confer personal jurisdiction on a nonresident defendant," even where, as here, the defendant has never been to the State. CoStar Realty Info., Inc. v. Field, 612 F.Supp.2d 660, 668 (D.Md. 2009).

Despite the presumption of validity, a forum selection clause may be found to be unreasonable and unenforceable if "(i) it was induced by fraud or overreaching, (ii) the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or its day in court, or (iii) enforcement would contravene a strong public policy of the State where the action is filed." Gilman v. Wheat, First Sec., Inc., 692 A.2d 454, 462-63 (Md. 1997). Absent a finding of unreasonableness, a mandatory forum selection clause should be enforced. See Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 339 (4th Cir. 2002).

Here, Defendants knowingly and voluntarily entered into the Employment Agreements containing the forum selection clause. The forum selection clause is, therefore, presumed valid. There is no indication that the forum selection clause in this case was induced by fraud or overreaching. Although Defendants were in their early twenties at the time they entered into the Employment Agreements, there is no suggestion that they were unaware of the existence or meaning of the forum selection clause. Defendants were consenting adults who acknowledge that they read the Employment Agreements before entering into them and again at the time of their termination from employment with TEKsystems.

Both Defendants assert that unnamed TEKsystem employees told them either that Colorado law would apply (Demasi), or that the employment agreement was not valid (Soronen). These unsupported statements by unnamed employees of TEKsystems lack sufficient specificity, however, to properly allege Defendants were induced to sign the agreement by fraud or overreaching.

Next, Defendants argue that the forum is inconvenient and that for all practical purposes would deprive them of a remedy or their day in court. Although defending this lawsuit in Maryland may pose difficulties for the Defendants, they have failed to demonstrate in specific detail any immediate or irreparable financial hardship. Further, because many, if not all, of the relevant witnesses in this dispute are located in Colorado, TEKsystems has indicated it may consider taking the Defendants' depositions in Colorado. (See Pl.'s Opp'n Mot. to Dismiss at 10 n.4, ECF No. 9).

Finally, TEKsystems is a Maryland corporation and the lawsuit is interpreting Maryland law. As a result, having a Maryland court interpret Maryland law related to a Maryland corporation would be consistent with the public policy interests of Maryland and those interests would not be trumped by the interests of Colorado. Thus, the Court may properly confer personal jurisdiction on the Defendants in this matter. Accordingly, the Motion to Dismiss for Lack of Personal Jurisdiction

will be denied.

In the alternative, Defendants request that this matter be transferred to the U. S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a) (2012). The law is clear that "even if venue is proper in a particular federal district court, the district court may transfer 'any civil action to any other district or division where it might have been brought.'" Laureate Educ., Inc. v. Megahed, No. AW-10-749, 2010 WL 2651895, at *9 (D.Md. July 1, 2010) (quoting 28 U.S.C. § 1404(a)). The district court is afforded broad discretion in adjudicating motions to transfer on an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); see also Structural Pres. Sys., 931 F.Supp.2d at 676 ("A district court is vested with great discretion in determining whether to grant a transfer under § 1404.").

Defendants bear the burden of proof by a preponderance of the evidence that the forum to which the case will be transferred is better and more convenient to serve the interest of the parties and the witnesses and better to promote the interests of justice. Stratagene v. Parsons Behle & Latimer, 315 F.Supp.2d 765, 771 (D.Md. 2004). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Structural Pres. Sys., 931 F.Supp.2d at 676 (quoting Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)) (internal quotation marks omitted). In determining whether to grant a transfer under § 1404, courts consider the following: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." Lynch v. Vanderhoef Builders, 237 F.Supp.2d 615, 617 (D.Md. 2002) (citing Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F.Supp. 1253, 1256–62 (E.D.Va. 1988)).

Although the instant cause of action occurred in Colorado, TEKsystems's choice of forum weighs in favor of the case remaining in Maryland. First, TEKsystems is a Maryland corporation. Second, as indicated above, Defendants entered into an arms-length negotiated Employment Agreement with TEKsystems in which they consented to the jurisdiction of Maryland to resolve any controversy, claim, dispute, or action arising out of the Employment Agreement. As a result, TEKsystems's choice of forum is given substantial weight.

Next, despite the fact that Defendants, as well as many, if not all, of the witnesses are located in Colorado, TEKsystems has expressed a willingness to consider taking discovery in Colorado. Further, both Defendants live in a large metropolitan area in Colorado. Thus, travel to and from Maryland would not cause an undue hardship. Defendants have failed to demonstrate that having the case tried and/or litigated in Maryland, therefore, would be so inconvenient as to tip the scale in favor of a transfer to Colorado.

Finally, since TEKsystems is a Maryland corporation and, as indicated earlier, Defendants knowingly and voluntarily consented to Maryland as the jurisdiction, the Court finds that the interests of justice would be met by litigating the case in Maryland. Accordingly, the Defendants' request that this matter be transferred to the U. S. District Court for the District of Colorado will be denied.

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (ECF No. 4) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge